# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT, and THE REAL MOONEY GROVE PROJECT INC., <br><br> Plaintiffs, <br><br> v. <br><br> TULARE COUNTY, et al., <br><br> Defendants. | CASE NO. 1:16-CV-1542-LJO-SKO <br><br> **ORDER DISMISSING COMPLAINT WITH 21 DAYS LEAVE TO AMEND** <br><br> (Doc. 1.) <br><br> **ORDER DENYING EMERGENCY TEMPORARY RESTRAINNG ORDER AS MOOT** <br><br> (Doc. 5) |

## I. INTRODUCTION

On October 13, 2016, Plaintiff Mary J. Bryant, proceeding pro se, filed a complaint against Tulare County, Neil Pilegard, and Phil Cox (collectively "Defendants").[1] Plaintiff also filed an application to proceed *in forma pauperis* (IFP). (Doc. 2.) Due to omissions in Plaintiff's application, the Court was unable to determine whether Plaintiff is to proceed without prepayment of fees in this action. Accordingly, on November 7, 2016, the Court ordered Plaintiff to complete and file the long form IFP application (Doc. 3.), which Plaintiff filed on November 22, 2016 (Doc. 4.)

Plaintiff purports to allege a cause of action under 18 U.S.C. § 1962 (civil RICO) and possibly claims for false imprisonment and defamation. (*See* Doc. 1). Plaintiff seeks injunctive relief, compensatory damages, and punitive damages. On November 28, 2016, Plaintiff filed an "Emergency Temporary Restraining Order and Motion Order Show Cause Preliminary Injunction" seeking an order enjoining Defendants' alleged "Acts of Animal Cruelty, Cutting

---

[1] Plaintiff's caption also names "The Real Mooney Grove Project, Inc.," an unrepresented corporate entity. (Doc. 1, p. 1.)

1  Trimming Oak Trees, Using Rat Poison in Gopher Holes, Constructing, Remodeling, Demolishing
2  any building or structure without permission." (Doc. 5.)

## II. DISCUSSION

**A. Screening Standard**

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines" that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *DeRock v. Sprint-Nextel*, 584 Fed. Appx. 737 (9th Cir. 2014); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati*, 821 F.2d at 1370. However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015); *see Tripati*, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). *Rodriguez*, 795 F.3d at 1188.

**B. Plaintiff's Complaint is Dismissed with Leave to Amend**

It is unclear what precisely Plaintiff is attempting to allege. The Complaint is ten pages of handwritten allegations, many of which on a pre-printed form, and attaches two exhibits. *See id.* The handwritten allegations are extremely difficult to discern. It appears that Plaintiff is alleging that, in several parks in Visalia, California, including Mooney Grove Park, Defendants chop down

2

protected oak trees and fail to properly maintain lagoons, causing the development of E. coli, and Defendant Pilegard and "park employees" run over geese in county trucks. (*See* Doc. 1.) Defendants have also contacted the corporate offices of Plaintiff's non-profit organization, "The Real Mooney Grove Project Inc.," in order to "mak[e] threats." (*See id.*) Defendants have embezzled grant money and used it for other projects. (*See id.*) Defendants have "hacked" the non-profit's phones and threatened its members and friends. (*See id.*) Defendants demanded that "Carl's Jr." "shut [] down" the non-profit organization, with whom it had planned a fundraiser. (*See id.*) Finally, Defendant Tulare County "Public Guardian" arrested Plaintiff for "false elder abuse" and imprisoned her for three days and "falsely slander[ed] [her] in court," during which "court process" her cousin Robert Turner, her "witness to Grand Jury," was "snatched . . . against his will, sending him up to Orange County, with no meds, no clothes," and he later died. (*See id.*) To the extent that this accurately describes Plaintiff's allegations, no plausible claims are stated and there are significant problems with Plaintiff's Complaint.

First, there are three Defendants who are named in the Complaint. However, in many instances, Plaintiff does not specifically identify what each Defendant allegedly did that was improper and caused her harm. It is not sufficient for Plaintiff to use the term "Defendant" without any further identifying information. When multiple defendants are named, the plaintiff must allege the basis of her claims as to each defendant; it is improper to simply lump defendants together. *See Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1040 (N.D. Cal. 2015); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014). In other words, Plaintiff must identify the specific wrongful acts that each Defendant performed and how each Defendant either caused Plaintiff harm or is responsible for Plaintiff's harm. *See id.*

Second, in order to properly allege a claim, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." *Id.*

Here, the facts are uncertain and no plausible claims are stated.

To the extent that Plaintiff is attempting to allege a RICO claim, RICO provides that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). "To state a claim under § 1962(c), a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc). A "'pattern' . . . requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Plaintiff's factual allegations do not establish any of these elements.

To the extent that Plaintiff is attempting to allege a claim for false imprisonment and/or false arrest, the elements are the same. *See Campbell v. City of Milpitas*, No. 13-cv-03817-BLF, 2015 WL 1359311, at *14 (N.D. Cal. Mar. 25, 2015) ("'[F]alse arrest' and 'false imprisonment' are not separate torts. False arrest is but one way of committing a false imprisonment, and they are distinguishable only in terminology." (quoting *Collins v. City and Cty. of San Francisco*, 50 Cal. App. 3d 671, 673 (1975)). "Under California law, the elements of a claim for false imprisonment are: (1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. County of Los Angeles,* 655 F.3d 1156, 1169 (9th Cir. 2011) (internal quotation marks and citation omitted). Plaintiff's factual allegations do not establish these elements.

Finally, to the extent that Plaintiff is attempting to allege a claim for slander, such arises under California law. Under California law, a defamation claim, which may be asserted as a claim for slander (oral) or libel (written), includes the following elements: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *KM Strategic Mgmt., LLC v. Am. Cas. Co. of Reading PA*, 156 F. Supp. 3d 1154, 1166-67 (C.D. Cal. 2015) (quoting *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1369 (2010). None of Plaintiff's allegations establish these elements. Indeed, to the extent that the alleged false statements were made in a judicial proceeding, they are barred by California Civil Code section

4

47(b)(2). Section 47(b)(2) provides in relevant part: "A privileged publication or broadcast is one made . . . in any judicial proceeding." The litigation privilege "applies to any communication: (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Johnson v. JP Morgan Chase Bank DBA Chase Manhattan*, 536 F. Supp. 2d 1207, 1210-11 (E.D. Cal. 2008) (quoting *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990)). The litigation privilege has been described as "absolute, regardless of malice and extending even to perjury." *Id.* (quoting *Jacob B. v. County of Shasta*, 40 Cal.4th 948, 956 (2007)).

In sum, the Complaint's allegations are extremely difficult to discern. It is unclear what claims Plaintiff is attempting to pursue, and no plausible claims are stated. At this time, the Court will not grant Plaintiff's motion to proceed *in forma pauperis*. Instead, the Court will permit Plaintiff to file an amended Complaint that follows the directives of this order. *Cf. Rodriguez*, 795 F.3d at 1188. An amended complaint must be legible, must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims. To the extent a corporate entity wishes to join in Plaintiff's amended complaint, the entity <u>must</u> be represented by counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (corporations "may appear in the federal courts only through licensed counsel." S*ee also United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L. Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). If Plaintiff files an amended complaint, it will be reviewed and a determination regarding *in forma pauperis* status will be made. If Plaintiff does not file a timely amended complaint, then *in forma pauperis* status will be denied and this case will be dismissed without further notice. *See id.*

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that;

1. Plaintiff's complaint (Doc. 1) is DISMISSED with leave to amend;

5

2. Plaintiff may file an amended complaint, consistent with this order, within twenty-one (21) days of service of this order;

3. If Plaintiff fails to file a timely amended complaint, Plaintiff's *in forma pauperis* application will be denied and this case will be closed without further notice; and

4. Plaintiff's "Emergency Temporary Restraining Order and Motion Order Show Cause Preliminary Injunction" (Doc. 5) is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **November 29, 2016**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE