# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY J. BRYANT,<br><br>        Plaintiff,<br><br>v.<br><br>TULARE COUNTY, et al.,<br><br>        Defendants. | CASE NO. 1:16-CV-1542-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**OBJECTIONS DUE: 21 DAYS**<br><br>(Doc. 7.) |

## I.     INTRODUCTION

On October 13, 2016, Plaintiff Mary J. Bryant, proceeding pro se, filed a complaint against Tulare County, Neil Pilegard, and Phil Cox. (Doc. 1 ("Compl.").) Plaintiff also filed an application to proceed *in forma pauperis* (IFP). (Doc. 2.) On November 29, 2016, the undersigned dismissed Plaintiff's complaint for failure to state a claim and granted Plaintiff twenty-one (21) days leave to file an amended complaint curing the pleading deficiencies identified in the Order. (Doc. 6.) Plaintiff's amended complaint was due to be filed by December 20, 2016. (*See id.* and Docket.) On January 3, 2017, Plaintiff filed an amended complaint against Tulare County ("the County"), Neil Pilegard ("Pilegard"), Phil Cox ("Cox"), and Kathleen Bales-Lange ("Bales-Lange") (collectively "Defendants"). (Doc. 7 ("Am. Compl.").)

After screening Plaintiff's amended complaint, the Court finds that despite the explicit recitation of the deficiencies of Plaintiff's original complaint, Plaintiff has failed to demonstrate any violation of federal law. Accordingly, the Court RECOMMENDS that Plaintiff's amended complaint be DISMISSED with prejudice and without leave to amend.[1]

---

[1] The untimeliness of Plaintiff's amended complaint is alone grounds for dismissal with prejudice. *See* Rule 183(a) of the Local Rules of the United States District Court, Eastern District of California ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria

## II.     PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's amended complaint consists of 17 handwritten pages, many of which are extremely difficult to discern.  Plaintiff appears to allege that Mooney Grove Park has become "mis-managed" and "run-down," and is being "drained of its resources and used to obtain grants both state and federal, donations, all of which go into a County 'General Fund' and is used for projects etc. 'other than intended.'" (Am Compl. at p. 3.)  Plaintiff complains that "it is difficult to get results [from Defendant Tulare County] when literally every resource needed to help is a County resource [unintelligible] by influential, County employees and local government officials." (*Id.* at pp. 3–4.)  The County engaged in "misappropriation of funds, donations, state and federal grants, tobacco settlement revenue, salary savings, 'Amphitheater Funds" used for other than intended." (*Id.* at p. 5.)  Mooney Grove Park has "asbestos lining water pipes used for drinking, E-coli in water used to water grass contaminating playgrounds, picnic facilities, and in sprinklers, bacteria in water and air used by public and animals, and employees falsify documents on regular basis (time sheets) (bobcat and backhoe certifications – only mechanics trained by manufacturer)." (*Id.*)

Defendant Pilegard "participates and instructs workers using County vehicles run over, injure, maim, kill ducks/goose," uses "commercial propane excellerant [sic] to 'blow up squirrels'" and "uses rat poison in gopher holes and around protected oak trees." (*Id.* at p. 6.)  Defendant Pilegard "reports to" Defendant Cox, who is "responsible for grants, loans, donations, used on Projects other than intended." (*Id.* at p. 5.)  Defendant Cox is "not truthful about costs to restore historical features." (*Id.*)  Defendant Cox "[k]nows @ animal abuse protected oak trees being destroyed, but does nothing conspiracy." (*Id.*)

Defendant Tulare County "stole a retired county 'whistleblower' and singled [Plaintiff] out by the same attorney as the Supervisors, [Defendant] Kathleen Bales-Lange, in their scheme to

---

persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.").  *See also Johnson v. KHS & S Contractor*, No. 2:11–cv–00109 GEB KJN PS, 2011 WL 2470682, at *2 (E.D. Cal. June 20, 2011) ("[A] district court may impose sanctions, including involuntary dismissal of a plaintiff's case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders.") (collecting cases).  Nevertheless, the Court has screened the amended complaint.

continue to further the organization with a pattern of criminal activity." (*Id.* at p. 4.) Defendant Bales-Lange is "Attorney for County Supervisors . . . who had [Plaintiff] jailed for 3 days intentionally to miss hearing for Robert Turner," and was also the "[a]ttorney . . . when Robert Turner was whistle-blower against Tulare County." (*Id.* at p. 7.) Robert Turner "was a retired Tulare County worker" and "head groundskeeper for 15 years." (*Id.* at p. 12.) "Robby" "testified before the Grand Jury and trial of criminal activities by the County," and was "also [Plaintiff's] witness before the Grand Jury [in] February 2015." (*Id.* at p. 13.) Defendant Bales-Lange "had [Plaintiff] arrested on false 'elder abuse' accusations," and Plaintiff "was jailed for 3 days intentional to miss a hearing, [n]o charges were filed." (*Id.*) "Robby" died while Plaintiff was "going through the court system to bring him home," and Defendant Tulare County "took him from the only person he trusted, the only family member we each have was each other." (*Id.* at p. 14.) The "report from Orange County Probate Court blasts Tulare County for the misconduct . . . stealing Robby's pension, charging to him every phone call." (*Id.*) Defendant Tulare County was "negligent to every extent, including refusing to pay for his meds." (*Id.*) Defendant Tulare County "was [r]etaliating against an informant for his pension, and against [Plaintiff] for [her] work against County and uncovering the truth and exposing County and [Defendant] Phil Cox and [Defendant] Neil Pilegard for pattern of criminal [r]acketeering, animal abuse, etc." (*Id.*)

Plaintiff alleges her causes of action under 18 U.S.C. §§ 1961 and 1962 (civil RICO) and criminal codes 18 U.S.C. §§ 1341, 1343, 1512, and 1513. (*Id.* at pp. 1, 2.) Plaintiff also attaches to her amended complaint a "Criminal Complaint" on a pre-printed form, which is accompanied by three (3) handwritten pages. (*Id.* at pp. 18–21.)

### III. DISCUSSION

**A. Screening Standard**

District courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possess that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). A district court "shall dismiss the case at any time if the court determines" that the action is frivolous or malicious, or fails to

state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). An action is "frivolous" if it has no arguable basis in fact or law; the term embraces both inarguable legal conclusions and fanciful factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *DeRock v. Sprint-Nextel*, 584 Fed. Appx. 737 (9th Cir. 2014); *see also Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). "A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998); *Tripati*, 821 F.2d at 1370. However, the "denial of leave to proceed *in forma pauperis* is an abuse of discretion unless the district court first provides a plaintiff leave to amend the complaint or finds that amendment would be futile." *Rodriguez v. Steck*, 795 F.3d 1187, 1188 (9th Cir. 2015); *see Tripati*, 821 F.2d at 1370. If a court denies a motion to proceed *in forma pauperis* because the complaint is frivolous and cannot be cured by amendment, then the denial of the motion acts as a dismissal under 28 U.S.C. § 1915(e). *Rodriguez*, 795 F.3d at 1188.

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). In order to properly allege a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." *Id.* Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.    Plaintiff's Claims Under 18 U.S.C. §§ 1341, 1343, 1512, and 1513 Are Not Cognizable.**

Plaintiff alleges that Defendants committed criminal mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), witness tampering (18 U.S.C. § 1512), and retaliation against a witness (18 U.S.C. § 1513). (Am. Compl. at pp. 1, 2.) Title 18 of the United States Code covers crimes and criminal procedures. Such criminal allegations are not properly brought forth in a civil complaint. *See Dyson v. Utigard*, 163 F.3d 607, 607 (9th Cir. 1998); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no basis for civil liability under Title 18); *Hacker v. Hacker*, No. 1:15-cv-01258 JAM MJS, 2015 WL 8780561, at *3 (E.D. Cal. Dec. 15, 2015) ("[C]ourts have consistently found that mail and wire fraud statutes do not confer a private right of action."); *Aguirre v. Cal–W. Reconveyance Corp.,* No. CV 11–6911 CAS (AGRx), 2012 WL 273753, at *10 (C.D. Cal. Jan. 30, 2012) (holding section 1341 is a criminal statute that does not provide a private right of action); *Schneider v. Bank of Am. N.A.*, No. 2:11–cv–2953 LKK DAD PS, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) (holding that bank fraud, wire fraud, and mail fraud are criminal statutes with no private right of action); *Thomas v. Bryant,* No. C09-5189-RBL, 2009 WL 2473662, at *2 (W.D. Wash. Aug. 7, 2009) (finding no private right of action under 18 U.S.C. §§ 1512 and 1513).

Plaintiff's claims under these statutes should be dismissed with prejudice.

**C.    Plaintiff's RICO Claim is Subject to Dismissal.**

Under Fed. R. Civ. P. Rule 8, a plaintiff must "plead a short and plain statement of the elements of his or her claim . . . ." *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 840 (9th Cir. 2000). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Dismissal is appropriate under Rule 8 where a complaint is "argumentative, prolix, replete with redundancy and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178–79 (9th Cir. 1996); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of a

"verbose, confusing and almost entirely conclusory" complaint under Rule 8). "Something labeled a complaint but . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiff[ ] [is] suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. Here, Plaintiff's amended complaint remains prolix and replete with redundant, irrelevant details, subjecting it to dismissal under Rule 8. *See id.* at 1178–79.

Moreover, even liberally construed, the amended complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff's remaining cause of action, brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fails to state a claim. RICO allows a private citizen to recover damages for conduct of an enterprise through a pattern of racketeering activity or the collection of an unlawful debt. 18 U.S.C. § 1960, *et seq.* At a minimum, the elements of a RICO claim, 18 U.S.C. § 1962(a)–(d), are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property."[2] *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005). *See also Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). In addition, to establish a pattern, Plaintiff must "show that the racketeering predicates are related [to each other], *and* that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239 (1989). The failure to establish any of these elements is fatal to a RICO claim. *See, e.g., Rae v. Union Bank*, 725 F.2d 478, 480–81 (9th Cir. 1984) (affirming Rule 12(b) dismissal of RICO claim where plaintiff failed to meet the "enterprise" requirement).

Here, as with Plaintiff's original complaint, Plaintiff's RICO allegations remain confusing because it remains unclear, even after amendment, what "enterprise" was conducted and what predicate acts Plaintiff alleges occurred. Plaintiff's amended complaint makes reference to phrases such as "conspiracy against informants," "wire fraud," "mail fraud," "tampering with

---

[2] To plead a RICO conspiracy claim under 18 U.S.C. § 1962(d), the plaintiff must first adequately plead a substantive violation of RICO. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010).

informant witness," a "pattern of criminal activity," and a "pattern of criminal racketeering." (Am. Compl. at pp. 1, 2, 4, 7, 14.) While a violation of these criminal statutes may serve as predicate acts under RICO, *see Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) – even though Plaintiff cannot directly sue Defendants under them, *see* III.B, *supra* – Plaintiff's factual allegations do not establish any of these predicates.[3] "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678. Further, Plaintiff's request for $1,000,000 in "damages, etc." (Am. Compl. at p. 17) is not only implausible but is conclusory, in that Plaintiff's allegations are insufficient to describe a "proof of concrete financial loss" that was "proximately caused by the [prohibited] conduct" that is necessary to establish a RICO violation. *See Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1086–87 (9th Cir. 2002).

Accordingly, Plaintiff has failed to state a cognizable claim for a violation of RICO, and this claim against Defendants should be dismissed.

**D.    Amendment Would Be Futile.**

Plaintiff has demonstrated that she is unable to marshal facts sufficient to constitute a cognizable federal claim, and her amended complaint must be dismissed. Plaintiff has been granted leave to amend, but her amendment shows that the addition of more detailed factual allegations or revision of Plaintiff's claims will not cure the many defects of her amended

---

[3] Wire or mail fraud consists of the following elements: "(1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). The amended complaint is devoid of any facts in support of these elements.

Further, witness tampering in violation of 18 U.S.C. § 1512 requires Plaintiff to allege facts showing that Defendants "knowingly corruptly persuad[ed] another" with intent to "influence, delay or prevent the testimony of any person in any official proceeding." *Natomas Gardens Inv. Grp. LLC v. Sinadinos*, No. CIV.S–08–2308 FCD/KJM, 2009 WL 1363382, at *21 (E.D. Cal. May 12, 2009); *see also* 18 U.S.C. §1512(b). Witness retaliation under 18 U.S.C. § 1513 similarly requires factual allegations that Defendants intended to retaliate because of the victim's status as a witness in a past or present official proceeding "and thereby cause[d] bodily injury to [the victim] or damages the tangible property of [the victim], or threatens to do so." *United States v. Calvert*, 511 F.3d 1237, 1244 (9th Cir. 2008); 18 U.S.C. § 1513(b). Plaintiff's allegations regarding Mr. Turner's grand jury testimony and testimony at "trial of criminal activities by the County" fall far short of stating a claim to relief under RICO based on witness tampering and/or witness retaliation that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (2009).

complaint. "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'" *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013) (quoting *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Accordingly, leave to amend would be futile and the action should be dismissed with prejudice. *See, e.g., Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996); *McHenry,* 84 F.3d at 1177–78, 1180 (dismissal with prejudice appropriate where deficiencies of complaint were explained, time was afforded to amend, and the plaintiff was warned that failure to cure deficiencies would result in dismissal).

### IV. CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's amended complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:  **February 17, 2017**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE